1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Michael D. Murphy
4  Courtney R. Pratten
   Assistant United States Attorneys
5  402 E. Yakima Ave., Ste. 210
6  Yakima, WA 98901
   Telephone:  (509) 454-4425
7

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2024

SEAN F. McAVOY, CLERK

8
9          UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WASHINGTON
10
11  UNITED STATES OF AMERICA,          Case No.: 1:22-CR-02112-SAB
12              Plaintiff,             Plea Agreement
13
14          v.
15  TAYLOR THOMAS RAYNE
    SINCLAIR,
16
17              Defendant.
18
19
20      Plaintiff United States of America, by and through Vanessa R. Waldref,
21  United States Attorney the Eastern District of Washington, and Michael D.
22  Murphy and Courtney R. Pratten, Assistant United States Attorneys for the Eastern
23  District of Washington, and Defendant Taylor Thomas Rayne Sinclair
24  ("Defendant"), both individually and by and through Defendant's counsel, Andrea
25  K. George and Juliana M. VanWingerden of the Federal Defenders of Eastern
26  Washington and Idaho, agree to the following Plea Agreement.
27
28

PLEA AGREEMENT - 1

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 1 of the Indictment filed on December 20, 2022, which charges Defendant with Assault with Intent to Commit Murder, in violation of 18 U.S.C. §§ 113(a)(1), 1153, a Class C felony.

Defendant understands that the following potential penalties apply:

      a.    a term of imprisonment of up to 20 years;

      b.    a term of supervised release of up to a 3 years;

      c.    a fine of up to $250,000;

      d.    restitution; and

      e.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

1    3.    <u>The Court is Not a Party to this Plea Agreement</u>

2    The Court is not a party to this Plea Agreement and may accept or reject it.

3    Defendant acknowledges that no promises of any type have been made to

4    Defendant with respect to the sentence the Court will impose in this matter.

5    Defendant understands the following:

6        a.    sentencing is a matter solely within the discretion of the Court;

7        b.    the Court is under no obligation to accept any recommendations

8            made by the United States or Defendant;

9        c.    the Court will obtain an independent report and sentencing

10            recommendation from the United States Probation Office;

11        d.    the Court may exercise its discretion to impose any sentence it

12            deems appropriate, up to the statutory maximum penalties;

13        e.    the Court is required to consider the applicable range set forth

14            in the United States Sentencing Guidelines, but may depart

15            upward or downward under certain circumstances.

16    4.    <u>Waiver of Constitutional Rights</u>

17    Defendant understands that by entering this guilty plea, Defendant is

18    knowingly and voluntarily waiving certain constitutional rights, including the

19    following:

20        a.    the right to a jury trial;

21        b.    the right to see, hear and question the witnesses;

22        c.    the right to remain silent at trial;

23        d.    the right to testify at trial; and

24        e.    the right to compel witnesses to testify.

25    While Defendant is waiving certain constitutional rights, Defendant

26    understands that Defendant retains the right to be assisted by an attorney through

27    the sentencing proceedings in this case and any direct appeal of Defendant's

28

PLEA AGREEMENT - 3

1  conviction and sentence, and that an attorney will be appointed at no cost if
2  Defendant cannot afford to hire an attorney.

3       Defendant understands and agrees that any defense motions currently
4  pending before the Court are mooted by this Plea Agreement, and Defendant
5  expressly waives Defendant's right to bring any additional pretrial motions.

6       5.    Rule 11 Nature of the Plea Agreement

7       Defendant acknowledges that this Plea Agreement is entered pursuant to
8  Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)").  Pursuant to
9  Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate
10 disposition of the case is no less than 96 months and no more than 168 months in
11 custody, to be followed by three years of Supervised Release.  The United States
12 and Defendant agree to make those sentencing recommendations to the Court.
13 Although the United States and Defendant agree to make these recommendations
14 to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no
15 promises of any type have been made to Defendant with respect to the sentence the
16 Court will ultimately impose.

17      Defendant understands that Defendant may withdraw from this Plea
18 Agreement if the Court imposes a term of imprisonment of greater than 168
19 months (14 years) or indicates its intent to do so.  Defendant also understands that
20 the United States may withdraw from this Plea Agreement if the Court imposes a
21 term of imprisonment of less than 96 months (8 years) or a term of supervised
22 release of less than three years, or indicates its intent to do so.

23      The United States and Defendant acknowledge that the imposition of any
24 fine, restitution, or conditions of Supervised Release are not part of the Rule
25 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant
26 are free to make any recommendations they deem appropriate as to the imposition
27 of fines, restitution, or conditions of Supervised Release; and that the Court will
28 exercise its discretion in this regard.  The United States and Defendant

PLEA AGREEMENT - 4

1  acknowledge that the Court's decisions regarding the imposition of fines,

2  restitution, or conditions of Supervised Release will not provide bases for

3  Defendant to withdraw Defendant's guilty plea or withdraw from this Rule

4  11(c)(1)(C) Plea Agreement.

5      Defendant acknowledges that if either the United States or Defendant

6  successfully withdraws from this Plea Agreement, the Plea Agreement becomes a

7  nullity, and the United States is no longer bound by any representations within it.

8      6.    Elements of the Offense

9      The United States and Defendant agree that in order to convict Defendant of

10  Assault with Intent to Commit Murder, in violation of 18 U.S.C. §§ 113(a)(1),

11  1153, the United States would have to prove the following beyond a reasonable

12  doubt.

13          a.    *First,* the defendant assaulted T.C. by intentionally striking her;

14          b.    *Second,* the defendant did so with the intent to commit murder;

15          c.    *Third,* the defendant is an Indian; and

16          d.    *Fourth,* this happened in Indian Country.

17      7.    Factual Basis and Statement of Facts

18      Defendant agrees a jury could find the following facts proof beyond a

19  reasonable doubt at trial, and these facts constitute an adequate factual basis for his

20  guilty plea.

21      On or about November 19, 2022, in the Eastern District of Washington, and

22  within the exterior boundaries of the Yakama Nation, the Defendant, Taylor

23  Thomas Rayne Sinclair, entered into the property of T.C. through an open gate at

24  around 7:40 AM. T.C. heard her dogs barking, exited her front door and saw the

25  Defendant from her front porch. She asked the Defendant if he was looking for

26  something or she could help him. The Defendant withdrew a folding knife from his

27  pants pocket, ran up to T.C., and stabbed her several times, including in the face,

28  abdomen, and hands. T.C. wrestled for the knife and reported to law enforcement

PLEA AGREEMENT - 5

1  that as she was holding on to it, the Defendant placed her in a choke hold and
2  asked "why don't you die already, bitch" before beginning to laugh and stating
3  "you win".  T.C. reported that the Defendant released her from the choke hold and
4  she ran into the house. She recounted that the Defendant followed her, but she
5  pushed him back outside and locked the door. T.C. called 911 with the aid of her
6  minor child. She then took the child into the bathroom and closed and locked the
7  bathroom door.  After closing and locking the door to the residence and hiding in
8  the bathroom, T.C. heard windows being broken, banging, and a male voice inside
9  the home.
10      Law enforcement officers arrived to find the Defendant outside of the
11  residence. The Defendant had blood on him and a cut to one of his fingers. T.C.
12  was transported for medical care and was found to have suffered multiple stab and
13  cut wounds, some of which led to an orbital fracture and a collapsed lung, among
14  other injuries. Law enforcement officers found two windows to T.C.'s residence
15  broken and the front door also broken and partially off of the hinges. Blood was
16  found on the front porch, along with the Defendant's state identity card, which had
17  blood on it, and blood was found in multiple locations in the house.  Laboratory
18  analysis of swabs taken from the Defendant's left hand revealed the presence of
19  blood that lends very strong support for inclusion ($2.4 \times 10^{20}$ more likely) of T.C.
20  as a contributor to the DNA from the swab. Laboratory analysis of a folding knife
21  taken from the Defendant's left front pant pocket by law enforcement revealed the
22  presence of blood and very strong support for the inclusion of T.C. ($9.0 \times 10^{24}$
23  more likely) and the Defendant ($1.5 \times 10^{23}$ more likely) as contributors to the two
24  DNA profiles identified on the blade of the knife.  Swabs taken from stains on the
25  washer of T.C.'s residence, which was located within the residence, and from the
26  knob of the back door of the residence, revealed the presence of blood and very
27  strong support for the inclusion of the Defendant ($9.1 \times 10^{24}$ more likely) as the
28  contributor to the lone DNA profile identified from the swab. The Defendant is an

PLEA AGREEMENT - 6

1  enrolled member of the Yakama Nation and for that reason and by blood is
2  considered an "Indian" under Federal law.

3      8.    Admissibility of Facts and Prior Statements

4      By signing this Plea Agreement, Defendant admits the truth of the facts set
5  forth in the Factual Basis section of this Plea Agreement and agrees that these
6  facts, along with any written or oral statements Defendant makes in court, shall be
7  deemed usable and admissible against Defendant in any subsequent legal
8  proceeding, including criminal trials and/or sentencing hearings, under Federal
9  Rule of Evidence 801(d)(2)(A).

10     Defendant acknowledges, admits, and agrees that by signing this Plea
11 Agreement, Defendant is expressly modifying and waiving Defendant's rights
12 under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410
13 with regard to any facts Defendant admits and/or any statements Defendant makes
14 in court.  However, this provision as to "Admissibility of Facts and Prior
15 Statements" shall not apply should Defendant withdraw from this Plea Agreement
16 due to the Court imposing a term of imprisonment of greater than 168 months (14
17 years) or indicating its intent to do so or should the United States withdraw from
18 this Plea Agreement due to the Court imposing a term of imprisonment of less than
19 96 months (8 years) or a term of supervised release of less than three years, or
20 indicating its intent to do so. Should either elect to withdraw from the plea
21 agreement due to the Court imposing a sentence outside of the range agreed to by
22 the parties (96 months to 168 months) or due to the Court indicating an intent to
23 impose a sentence outside of that range, Defendant's waiver of his rights under
24 Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, as
25 described above, shall not apply. Should Defendant withdraw from the plea
26 agreement for any other reason, his waiver of his rights under Federal Rule of
27 Criminal Procedure 11(f) and Federal Rule of Evidence 410 will apply.

28

PLEA AGREEMENT - 7

1    9.    <u>The United States' Agreements</u>

2    The United States Attorney's Office for the Eastern District of Washington

3    agrees that at the time of sentencing, the United States will move to dismiss Count

4    2 of the Indictment.

5    The United States Attorney's Office for the Eastern District of Washington

6    agrees not to bring additional charges against Defendant based on information in

7    its possession at the time of this Plea Agreement that arise from conduct that is

8    either charged in the Indictment or identified in discovery produced in this case,

9    unless Defendant breaches this Plea Agreement before sentencing.

10    10.    <u>United States Sentencing Guidelines Calculations</u>

11    Defendant understands and acknowledges that the United States Sentencing

12    Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine

13    Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.

14    The United States and Defendant agree to the following Guidelines calculations.

15    a.    <u>Acceptance of Responsibility</u>

16    The United States will recommend that Defendant receive a downward

17    adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if

18    Defendant does the following:

19    i.    accepts this Plea Agreement;

20    ii.    enters a guilty plea at the first Court hearing that takes

21    place after the United States offers this Plea Agreement;

22    iii.    demonstrates recognition and affirmative acceptance of

23    Defendant's personal responsibility for Defendant's

24    criminal conduct;

25    iv.    provides complete and accurate information during the

26    sentencing process; and

27    v.    does not commit any obstructive conduct.

28    The United States and Defendant agree that at its option and on written

PLEA AGREEMENT - 8

1  notice to Defendant, the United States may elect not to recommend a reduction for
2  acceptance of responsibility if, prior to the imposition of sentence, Defendant is
3  charged with, or convicted of, any criminal offense, or if Defendant tests positive
4  for any controlled substance.

5          b.    No Other Agreements

6          The United States and Defendant have no other agreements regarding the
7  Guidelines or the application of any Guidelines enhancements, departures, or
8  variances. Defendant understands and acknowledges that the United States is free
9  to make any sentencing arguments it sees fit, including arguments arising from
10 Defendant's uncharged conduct, conduct set forth in charges that will be dismissed
11 pursuant to this Agreement, and Defendant's relevant conduct.

12         c.    Criminal History

13         The United States and Defendant have no agreement and make no
14 representations about Defendant's criminal history category, which will be
15 determined by the Court after the United States Probation Office prepares and
16 discloses a Presentence Investigative Report.

17    11.   Incarceration

18         The United States and Defendant agree to recommend a sentence of no less
19 than 96 months and no more than 168 months incarceration.

20    12.   Supervised Release

21         The United States and Defendant each agree to recommend 3 years of
22 supervised release. Defendant agrees that the Court's decision regarding the
23 conditions of Defendant's Supervised Release is final and non-appealable; that is,
24 even if Defendant is unhappy with the conditions of Supervised Release ordered by
25 the Court, that will not be a basis for Defendant to withdraw Defendant's guilty
26 plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,
27 sentence, or any term of Supervised Release.

28

PLEA AGREEMENT - 9

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.    Defendant must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13.    <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14.    <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 10

15. <u>Restitution</u>

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a.    <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount no greater than $20,000, and that any interest on this restitution amount, if any, should be waived.

b.    <u>Payments</u>

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances.  18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.  If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.  26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

PLEA AGREEMENT - 11

1    Defendant understands that the United States may, notwithstanding the
2    Court-imposed payment schedule, pursue other avenues to ensure the restitution
3    obligation is satisfied, including, but not limited to, garnishment of available funds,
4    wages, or assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

5        Nothing in this acknowledgment shall be construed to limit Defendant's
6    ability to assert any specifically identified exemptions as provided by law, except
7    as set forth in this Plea Agreement.

8        Until Defendant's fine and restitution obligations are paid in full, Defendant
9    agrees fully to disclose all assets in which Defendant has any interest or over
10   which Defendant exercises control, directly or indirectly, including those held by a
11   spouse, nominee or third party.

12       Until Defendant's fine and restitution obligations are paid in full, Defendant
13   agrees to provide waivers, consents, or releases requested by the U.S. Attorney's
14   Office to access records to verify the financial information.

15           d.  Notifications and Waivers

16       Defendant agrees to notify the Court and the United States of any material
17   change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,
18   changed employment, or income increases) that might affect Defendant's ability to
19   pay restitution.  18 U.S.C. § 3664(k).  Defendant also agrees to notify the United
20   States of any address change within 30 days of that change.  18 U.S.C.
21   § 3612(b)(1)(F).  These obligations cease when Defendant's fine and restitution
22   obligations are paid in full.

23       Defendant acknowledges that the Court's decision regarding restitution is
24   final and non-appealable; that is, even if Defendant is unhappy with the amount of
25   restitution ordered by the Court, that will not be a basis for Defendant to withdraw
26   Defendant's guilty plea, withdraw from this Plea Agreement, or appeal
27   Defendant's conviction, sentence, or restitution order.

28

PLEA AGREEMENT - 12

1    16.    <u>Payments While Incarcerated</u>

2    If Defendant lacks the financial resources to pay the monetary obligations

3    imposed by the Court, Defendant agrees to earn money toward these obligations by

4    participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

5    17.    <u>Additional Violations of Law Can Void Plea Agreement</u>

6    The United States and Defendant agree that the United States may, at its

7    option and upon written notice to the Defendant, withdraw from this Plea

8    Agreement or modify its sentencing recommendation if, prior to the imposition of

9    sentence, Defendant is charged with or convicted of any criminal offense or tests

10    positive for any controlled substance.

11    18.    <u>Waiver of Appeal Rights</u>

12    In return for the concessions that the United States has made in this Plea

13    Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's

14    conviction and sentence if the Court imposes a term of imprisonment consistent

15    with the terms of this Rule 11(c)(1)(C) Plea Agreement.

16    If the Court indicates its intent to impose a sentence above the Rule

17    11(c)(1)(C) terms of this Agreement and Defendant chooses *not* to withdraw, then

18    Defendant: (a) may appeal only Defendant's sentence, but not Defendant's

19    conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of

20    the Guidelines range determined by the Court; and (c) may appeal only the

21    substantive reasonableness of Defendant's sentence.

22    Defendant expressly waives Defendant's right to appeal any fine, term of

23    supervised release, or restitution order imposed by the Court.

24    Defendant expressly waives Defendant's right to appeal any restitution order

25    imposed by the Court so long as restitution does not exceed $20,000.

26    Defendant expressly waives the right to file any post-conviction motion

27    attacking Defendant's conviction and sentence, including a motion pursuant to 28

28    U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

PLEA AGREEMENT - 13

1 information not now known by Defendant and which, in the exercise of due

2 diligence, Defendant could not know by the time the Court imposes sentence.

3      Nothing in this Plea Agreement shall preclude the United States from

4 opposing any post-conviction motion for a reduction of sentence or other attack

5 upon the conviction or sentence, including, but not limited to, writ of habeas

6 corpus proceedings brought pursuant to 28 U.S.C. § 2255.

7      19.    Withdrawal or Vacatur of Defendant's Plea

8      Should Defendant successfully move to withdraw from this Plea Agreement

9 or should Defendant's conviction be set aside, vacated, reversed, or dismissed

10 under any circumstance, then:

11           a.    this Plea Agreement shall become null and void;

12           b.    the United States may prosecute Defendant on all available

13                 charges;

14           c.    The United States may reinstate any counts that have been

15                 dismissed, have been superseded by the filing of another

16                 charging instrument, or were not charged because of this Plea

17                 Agreement; and

18           d.    the United States may file any new charges that would

19                 otherwise be barred by this Plea Agreement.

20      The decision to pursue any or all of these options is solely in the discretion

21 of the United States Attorney's Office.

22      Defendant agrees to waive any objections, motions, and/or defenses

23 Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

24 charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

25 dismissed, including any claim that the United States has violated Double

26 Jeopardy.

27

28

PLEA AGREEMENT - 14

1    Defendant agrees not to raise any objections based on the passage of time,

2  including alleged violations of any statutes of limitation or any objections based on

3  the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

4    20.    Integration Clause

5    The United States and Defendant acknowledge that this document

6  constitutes the entire Plea Agreement between the United States and Defendant,

7  and no other promises, agreements, or conditions exist between the United States

8  and Defendant concerning the resolution of the case.

9    This Plea Agreement is binding only on the United States Attorney's Office

10  for the Eastern District of Washington, and cannot bind other federal, state, or local

11  authorities.

12    The United States and Defendant agree that this Agreement cannot be

13  modified except in a writing that is signed by the United States and Defendant.

14

15    Approvals and Signatures

16    Agreed and submitted on behalf of the United States Attorney's Office for

17  the Eastern District of Washington.

18  Vanessa R. Waldref

19  United States Attorney

20

21  _____    4/9/2024

Michael D. Murphy    Date

22  Assistant United States Attorney

23  _____    4/9/2024

24  Courtney R. Pratten    Date

Assistant United States Attorney

25

26

27

28

PLEA AGREEMENT - 15

1    I have read this Plea Agreement and I have carefully reviewed and discussed

2 every part of this Plea Agreement with my attorney.  I understand the terms of this

3 Plea Agreement.  I enter into this Plea Agreement knowingly, intelligently, and

4 voluntarily.  I have consulted with my attorney about my rights, I understand those

5 rights, and I am satisfied with the representation of my attorney in this case.  No

6 other promises or inducements have been made to me, other than those contained

7 in this Plea Agreement.  No one has threatened or forced me in any way to enter

8 into this Plea Agreement.  I agree to plead guilty because I am guilty.

9

10    _Taylor Sinclair_                          _4-9-24_

11 TAYLOR THOMAS RAYNE SINCLAIR        Date

12 Defendant

13

14    I have read the Plea Agreement and have discussed the contents of the

15 agreement with my client. The Plea Agreement accurately and completely sets

16 forth the entirety of the agreement between the parties.  I concur in my client's

17 decision to plead guilty as set forth in the Plea Agreement.  There is no legal

18 reason why the Court should not accept Defendant's guilty plea.

19    _[signature]_                              _04-09-2024_

20 Andrea K. George                          Date

21 Attorney for Defendant

22    _[signature]_                              _04-09-2024_

23 Juliana M. VanWingerden                  Date

24 Attorney for Defendant

25

26

27

28

PLEA AGREEMENT - 16