FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TAYLOR THOMAS RAYNE SINCLAIR,<br><br>    Defendant. | No.   1:22-CR-02112-SAB-1<br><br>**ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE** |

      On April 9, 2024, Defendant appeared before the Court in Yakima in the custody of the U.S. Marshals Service and entered a plea of guilty to Count 1 of the Indictment filed on December 20, 2022, charging him with Assault with Intent to Commit Murder, in violation of 18 U.S.C. §§ 113(a)(1), 1153. Defendant was represented by Juliana Van Wingerden and Andrea George. The United States was represented by Assistant United States Attorney Michael Murphy and Courtney Pratten.

      The Court finds that Defendant is fully competent and aware of the nature of the charges and consequences of the plea, that the plea of guilty is knowing and voluntary, is not induced by fear, coercion, or ignorance, and is supported by an independent basis in fact establishing each of the essential elements of the crime. Therefore, Defendant's plea of guilty is accepted. However, the Court will decide whether to accept the Rule 11(c)(1)(C) plea agreement at the time of sentencing.

      Accordingly, **IT IS ORDERED**:

    1.  All pending pretrial motions, if any, are **DENIED AS MOOT**.

**ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 1**

2.  All previously set court dates, including the trial date, are **STRICKEN**.

3.  Sentencing shall be held **July 17, 2024**, at **11:00 a.m.** in **Yakima,** Washington. Pending sentencing Defendant shall remain in the custody of the United States Marshals Service pursuant to this Court's previous Order. A motion to continue must be filed at least **10 days** prior to the scheduled sentencing hearing.

4.  The United States Probation Officer shall prepare a timely presentence investigation report ("PSIR") which will comply with the following schedule:

(a)  Not less than **35 days prior to the date set for sentencing**, the Probation Officer shall disclose the PSIR to counsel for Defendant and the United States. Within **14 days thereafter**, counsel shall communicate in writing to the probation office any objections they may have as to any factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the Probation Officer and opposing counsel.

Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSIR in sequential order, beginning with the lowest numbered paragraph.

(b)  After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSIR that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues and counsel shall make themselves available for that purpose.

(c)  At least **10 days prior to the date of the sentencing hearing**, the Probation Officer shall submit the PSIR to the sentencing judge. The PSIR shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than sentencing recommendations, including any revisions or addenda, have

**ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 2**

been disclosed to counsel for the Defendant and the United States, and that the addendum fairly states any remaining objections.

(d) Except with regard to any written objection made under sub-division (a), the PSIR and computations shall be accepted by the Court as accurate. Upon a timely objection by the Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

(e) Nothing in this Order requires the disclosure of any portions of the PSIR that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

(f) The PSIR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

5. All written materials in support of sentencing recommendations **shall be filed at least 15 days prior to the sentencing hearing.** The opposing party shall file and serve a response, if any, **within 7 days** of receipt of the motion.

6. In addition to the sentencing memorandum, at least 15 days prior to the date of the sentencing, the parties shall file and serve briefing to the Court indicating why the proposed sentence in the plea agreement is appropriate and should be accepted by the Court.

//
//
//
//
//
//

**ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 3**

7. By and through this Order, the District Court Executive is authorized to accept Defendant's payment in the amount of $100 per count, for a total of $100, toward Special Penalty Assessments.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

**DATED** this 10th day of April 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER ACCEPTING PLEA AND SETTING SENTENCING SCHEDULE ~ 4**